UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCAS DE SOUZA-FERREIRA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, *et al*.,<br><br>　　　　　　　　Respondents. | Civil Action No. 25-18142 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

　　Before the Court is Petitioner Lucas De Souza-Ferreira's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his prolonged detention. (ECF No. 1.) Petitioner also requests an Order to Show Cause ("OTSC") (ECF No. 1-1 at 13) and a Motion for Temporary Restraining Order ("TRO") (ECF No. 3).

　　Based on the Petition, it appears that Petitioner is a citizen of Brazil. (*See* ECF No. 1-1 at 2.) On June 8, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner. (*Id.*) On August 8, 2025, an Immigration Judge ("IJ") granted Petitioner's protection under the Convention Against Torture ("CAT"), barring Petitioner's removal to Brazil. (*Id.*) Petitioner remains detained under ICE custody. Petitioner challenges his ongoing post-final order of removal immigration detention pursuant to 8 U.S.C. § 1231, arguing that his detention has become prolonged, and his removal is not likely in the foreseeable future, as Respondents have not named a third country of removal. (*See generally* ECF No. 1-1.) Petitioner seeks release from ICE custody.

　　Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which is applicable to § 2241 cases through Rule 1(b) of

the Habeas Rules, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

As noted above, Petitioner seeks a TRO, requesting that the Court order his immediate release from custody. (*See* ECF No. 3.) Petitioner argues that his ongoing detention is prolonged, and his removal is not reasonably foreseeable. (*Id.* at 2.) Petitioner claims he has significant medical conditions- "epilepsy requiring Keppra 750 mg twice daily, and severe orthopedic injuries from a 2021 accident." (*Id.*) Petitioner alleges that he is not receiving adequate treatment. (*Id.* at 3.) Petitioner claims that he has not consistently received Keppra at the prescribed doses and has been provided only minimal analgesics for severe chronic pain. (*Id.*) Petitioner claims that on November 12, 2025, he suffered an epileptic episode in detention and was given medication instead of being transferred to the hospital. (*Id.* at 6.)

Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions. "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016). Such "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Int'l Foodsource, LLC*, 2016 WL 4150748, at *6.

To obtain a TRO or preliminary injunctive relief, a petitioner must demonstrate:

> (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. If these two threshold showings

are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff, and (4) whether granting relief would serve the public interest.

*Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (quoting *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

The Court further notes that the primary purpose of a preliminary injunction is to maintain the status quo until a decision on the merits of a case is rendered. *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). Where, as here, the movant seeks to alter the status quo, that party must meet a heavy burden. *See Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980); *see also Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP,* 528 F.3d 176, 179 (3d Cir. 2008).

The Court denies without prejudice Petitioner's request for a TRO because he has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy. Section 1231(a)(1)(A) states that "when [a noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the Immigration and Nationality Act's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."

Here, Plaintiff argues only that his detention has passed the 90-day removal period. Petitioner, however, fails to address whether his detention has passed the six-month implicit reasonableness limitation announced by the Supreme Court in *Zadvydas*. According to the Petition, Petitioner was taken into custody on June 8, 2025. As such, it appears on the record before the

Court that Petitioner has been detained for less than six months. At this time, Petitioner has not shown a likelihood of success on his *Zadvydas* prolonged detention claim. Additionally, the Court notes that under *Zadvydas*, once the six-month period expires, a noncitizen seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where a noncitizen meets this initial burden, the Government can establish its continued authority to detain the petitioner only if the Government can rebut his evidence and show that the noncitizen's removal remains likely in the reasonably foreseeable future. *Id.* Granting injunctive relief of Petitioner's release without providing Respondents an opportunity to respond to the likelihood of Petitioner's removal in the foreseeable future is not warranted.

Petitioner argues that he has a likelihood of success on his conditions of confinement claim based on lack of medical treatment. (ECF No. 3 at 5-6.) However, the likelihood of success on a conditions of confinement claim is unclear. "A conditions-of-confinement claim is cognizable in [habeas] '*only in extreme cases.*'" *Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). Medical challenges are thus not cognizable in a habeas petition absent the sort of extreme circumstances the Third Circuit recognized in *Hope* – i.e., a widespread pandemic situation involving the unknown threat of a novel virus. *Id.* Absent such extreme circumstances – which Petitioner does not allege here – a claim such as the one Petitioner raises must be dismissed without prejudice. For the purposes of Petitioner's request for a TRO, and at the early stage of this proceeding, Petitioner has not shown that this is an "extreme" case in which

4

the alleged conditions of confinement justify an order changing the status quo. For all these reasons, the Court denies without prejudice Petitioner's motion for a TRO.[1]

Petitioner also filed an OTSC, relying on 28 U.S.C. § 2243. (ECF No. 2.) Section 2243 states that "the writ... shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of Habeas Rules provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28 U.S.C. § 2243 to the extent there is a conflict.[2] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an OTSC under § 2243, as it directs Respondents to answer the Petition pursuant to its authority under the Habeas Rules. Accordingly,

**IT IS**, on this 5th day of December 2025,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition (ECF No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

---

[1] The Court notes that the only injunctive relief requested is Petitioner's immediate release from ICE custody. Petitioner makes no request for an order that he be provided with specific medical care.

[2] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

5

**ORDERED** that the request for an OTSC (ECF No. 1-1 at 13) is **DENIED** *without prejudice* in light of the Court's Order directing Respondents to answer the Petition under the Habeas Rules; it is further

**ORDERED** that Petitioner's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED** *without prejudice*; it is further

**ORDERED** that within twenty (20) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; it is further

**ORDERED** that the Answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; it is further

**ORDERED** that Respondents shall raise by way of the Answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondents shall electronically file with the Answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the Answer is filed; it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge