**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LUCAS DE SOUZA-FERREIRA,

                Petitioner,

      v.

ALEJANDRO MAYORKAS, *et al.*,

                Respondents.

Civil Action No. 25-18142 (JXN)

**OPINION**

**NEALS**, District Judge

Before the Court is Petitioner Lucas De Souza-Ferreira's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (*See* ECF No. 1.) Respondents filed a response (ECF No. 6), Petitioner replied (ECF No. 7), and filed a supplemental Petition (ECF No. 9). Having considered the parties' submissions in support of and opposition to the Petition, the Court decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's § 2241 Petition is **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a citizen of Brazil, is subject to a final order of removal in absentia issued in July 2017. (Resp. at 1, ECF No. 6; Order of Removal at *3, ECF No. 6-1.) According to the Decision to Continue Detention issued by Immigration and Customs Enforcement ("ICE"), Petitioner was initially removed from the United States to Brazil on December 21, 2018. (Decision to Continue Detention, ECF No. 6-6.) Petitioner illegally re-entered the United States at some point

after his removal and in May 2022, ICE issued an Order of Supervision directing Petitioner to make periodic reports to ICE. (*Id.*; Resp. at 1; Order of Supervision, ECF No. 6-2.)

On June 8, 2025, ICE revoked the Order of Supervision and detained Petitioner. (Habeas Br. at *6, ECF No. 1-1; Resp. at 1; Notice of Revocation, ECF No. 6-3.) On August 8, 2025, an Immigration Judge ("IJ") granted Petitioner Withholding of Removal to Brazil under the Convention Against Torture ("CAT"). (Habeas Br. at *6; Resp. at 1; Withholding Order, ECF No. 6-4.) On October 13, 2025, ICE denied Petitioner's request for humanitarian parole, finding Petitioner's removal to a third country is "likely to occur in the reasonably foreseeable future" and finding him a flight risk. (*See* Parole Denial, ECF No. 6-5.) On December 10, 2025, ICE issued a Decision to Continue Detention stating, "there's a significant likelihood that [Petitioner's] removal will occur in the reasonably foreseeable future." (*See* Decision to Continue Detention.) Petitioner remains detained as of the date of this Opinion, nine months after he was detained in June 2025.

On December 3, 2025, Petitioner filed the instant Petition challenging his prolonged detention. (Habeas Pet, ECF No. 1.) Respondents answered on December 26, 2025. (Resp.) Petitioner filed a reply and a supplemental petition. (Pet. Reply, ECF No. 8; Supp. Pet., ECF No. 9.) This matter is ripe for consideration.

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

In his Petition, Petitioner challenges his ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing that his detention has become prolonged, and his removal is not likely in the reasonably foreseeable future. (*See generally* Habeas Pet.)

Section 1231(a)(1)(A) states that "when [a noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of [ninety] days." If the noncitizen is not removed after the ninety-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). Once the ninety-day removal period of Section 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the non-citizen must be released. *Zadvydas*, 533 U.S. at 699. Nothing in the statute authorizes "indefinite, perhaps permanent, detention." *Id.* To the contrary, the United States Supreme Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat." *Id.*

Thus, in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that [non-citizen's] removal from the United States." *Id.* at 689. The Court found that a post-removal order detention period of six months was "presumptively reasonable"; however, beyond those six months, if removal is no longer reasonably foreseeable, continued detention becomes unauthorized. *Id.* at 701.

3

"After this [six]–month period, once the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Thus, a non-citizen is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, the Department of Homeland Security may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists. *Id.* But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner argues there is no significant likelihood of removal in the foreseeable future, as he has been granted withholding of removal to Brazil and Respondents have failed to identify any third country will to accept Petitioner. (Habeas Br. at *9–10.) In his reply, Petitioner notes that in their answer, Respondents failed to produce any evidence that a third country has agreed to receive Petitioner. (Pet. Reply at 3.) In support of their position that the Petition should be denied, Respondents cite to ICE's December 10, 2025 Decision to Continue Detention stating, "there's a significant likelihood that [Petitioner's] removal will occur in the reasonably foreseeable future." (Resp. at 3.) However, Respondents acknowledge that "ICE does not have further information or documentation regarding its efforts to facilitate removal to a third country at this time." (*Id.*) Finally, Respondents argue that "Petitioner has not alleged that he has taken any effort to facilitate his removal to a third country" and courts have held that a petitioner's "failure to cooperate in obtaining travel documents precludes a finding that his [] removal is not reasonably foreseeable." (*Id.*)

Respondents' position is unconvincing. First, Courts in this District have found that when a petitioner refuses to cooperate in his removal, he cannot establish that there is no likelihood of

4

removal in the reasonably foreseeable future. *See Ugarte v. Green*, No. 17-1436, 2017 WL 6376498 at * 3 (D.N.J. Dec. 13, 2017) (collecting cases). However, here, the record is devoid of any facts or argument that Petitioner actively hindered Respondents' ability to remove Petitioner. There are no facts that Petitioner refused to provide any necessary information, lied, or in any way stopped Respondents from securing a travel document to a third country. As such, the Court finds no evidence that Petitioner has actively impeded Respondents' ability to remove him to a third country.

Second, Respondents admit that ICE has no documentation or information regarding its efforts to facilitate Petitioner's removal to a third country. As Respondents have failed to argue that they are in anyway attempting to secure a travel document for Petitioner's removal to a third country, the Court finds that Petitioner has met his initial burden of showing that after nine months of detention his removal is not likely in the reasonably foreseeable future.

Based on the foregoing, Respondents have failed to meet their burden of rebutting Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, as the Government has not provided the Court with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. In fact, Respondents fail to make any argument regarding whether there is a likelihood of Petitioner's removal in the reasonably foreseeable future. (*See* Resp.) As such, Petitioner is entitled to release under an order of supervision, and the Petition shall be granted.

## IV.     <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's Petition (ECF No. 1) is **GRANTED**, and Respondents shall **RELEASE** Petitioner from custody under the same conditions of release that existed immediately prior to his June 8, 2025 re-detention. The Court also finds it appropriate to

**PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of his removal in the reasonably foreseeable future. An appropriate Order accompanies this Opinion.

**DATED**: 3/20/2026

JULIEN XAVIER NEALS
United States District Judge