## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LUCAS DE SOUZA-FERREIRA,

                    Petitioner,

        v.

ALEJANDRO MAYORKAS, et al.,

                    Respondents.

Civil Action No. 25-18142 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

Before the Court is Petitioner Lucas De Souza-Ferreira's ("Petitioner") Motion to Enforce the Court's March 20, 2026 Opinion and Order ("Motion to Enforce"). (Mot. to Enforce, ECF No. 13.)

On March 20, 2026, the Court issued an Opinion finding Petitioner's detention was unreasonably prolonged and that Respondents failed to show there was a significant likelihood of Petitioner's removal in the foreseeable future. (*See generally* Op., ECF No. 10.) On the same day, the Court issued an Order granting Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and ordering Petitioner's release from custody. (Order at 1, ECF No. 11.) The Court ordered that Respondents were "[p]rohibited from re-detaining Petitioner absent a significant likelihood of removal in the reasonably foreseeable future." (*Id.* at 2.) Pursuant to the Court's Order, Petitioner was released from custody on March 20, 2026. (Letter, ECF No. 12.)

On April 1, 2026, Petitioner filed the instant Motion to Enforce. (*See* Mot. to Enforce.) On March 31, 2026, Petitioner appeared for a scheduled Immigration Customs and Enforcement

("ICE") check-in and was re-detained by ICE agents. (*Id.* at 2.) Petitioner submits that an ICE agent informed Petitioner that he is going to be removed to the Democratic Republic of Congo. (*Id.*) Petitioner filed the instant Motion to Enforce, arguing that the Government has violated the Court's March 20, 2026 Order because they have failed to show that there is a significant likelihood of removal in the foreseeable future. (*See generally id.*) Petitioner submits that he has not been provided with him with "written proof" of: (1) a specific accepting country; (2) a formally issued travel document; and (3) a scheduled removal itinerary.[1] (*Id.* at 8.)

Accordingly

**IT IS**, on this 1st day of April 2026,

**ORDERED** that the Clerk of Court shall **REOPEN** this matter; and it is further

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondents are **TEMPORARILY ENJOINED** from transferring Petitioner from his current detention facility in New Jersey during the pendency of this action; this Order shall remain in effect pending further Order of the Court; and it is further

**ORDERED** that within three (3) days of the date of the entry of this Order, Respondents shall file a response to Petitioner's Motion to Enforce; **Respondents shall address the likelihood of Petitioner's removal from this Country in the foreseeable future; specifically Respondents shall provide the Court with (1) any travel documents that have been obtained to effectuate Petitioner's removal and (2) an affidavit from someone with knowledge of the plan to imminently remove Petitioner**; and it is further

---

[1] Petitioner also argues that Respondents have re-detained him "without any judicial determination that the 'significant likelihood' condition" of the Court's Order is met. (Mot. to Enforce at 7.) The Court notes that Respondents were not ordered to provide the Court with notice of the likelihood of Petitioner's removal prior to re-detaining him. The Court ordered only that "Respondents [were] **PROHIBITED** from re-detaining Petitioner absent a significant likelihood of his removal in the reasonably foreseeable future." (Order at 2.)

2

**ORDERED** that Petitioner may file and serve a reply in support of the Motion to Enforce within three (3) days after Respondents' response if filed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

JULIEN XAVIER NEALS
United States District Judge