**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LUCAS DE SOUZA-FERREIRA,

                Petitioner,

     v.

ALEJANDRO MAYORKAS, *et al.*,

                Respondents.

Civil Action No. 26-18142 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

Before the Court is Petitioner Lucas De Souza-Ferreira's ("Petitioner") Motion to Enforce this Court's March 20, 2026 Opinion and Order. (Mot. to Enforce, ECF No. 13.) Respondents ("Government" or "Respondents") filed a response (Gov't Opp'n, ECF No. 16) and Petitioner replied (Pet.'s Reply, ECF No. 18.)

Petitioner, a citizen of Brazil, is subject to a final order of removal in absentia that was issued in July 2017. (Gov't Reply to Habeas Pet. at 1, ECF No. 6; Removal Order at *3,[1] ECF No. 6-1.) Petitioner who was initially removed from the United States to Brazil on December 21, 2018, illegally re-entered the United States at some point after his removal, and in May 2022, Immigration Customs and Enforcement ("ICE") issued an Order of Supervision directing Petitioner to make periodic reports to ICE. (Decision to Continue Detention at *2, ECF No. 6-6; Gov't Reply to Habeas Pet. at 1; Order of Supervision, ECF No. 6-2.)

On June 8, 2025, ICE revoked the Order of Supervision and detained Petitioner. (Habeas Moving Br. at *6, ECF No. 1-1; Gov't Reply to Habeas Pet. at 1; Notice of Revocation of Release,

---

[1] Pincites preceded by an asterisk (*) reflect ECF pagination.

ECF No. 6-3.) On August 8, 2025, an Immigration Judge ("IJ") granted Petitioner Withholding of Removal to Brazil under the Convention Against Torture ("CAT"). (Habeas Moving Br. at *6; Gov't Reply to Habeas Pet. at *1; Withholding of Removal Order, ECF No. 6-4.)

On December 3, 2025, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition"), challenging his ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing that his detention had become prolonged, and his removal was not likely in the reasonably foreseeable future. (*See generally* Habeas Pet, ECF No. 1.)

On March 20, 2026, the Court issued an Opinion finding Petitioner's detention was unreasonably prolonged and that the Government failed to show there was a significant likelihood of Petitioner's removal in the foreseeable future, as the Government had not provided the Court with evidence sufficient to rebut that showing. (*See generally* Op., ECF No. 10.) On the same day, the Court issued an Order granting Petitioner's Petition and ordering Petitioner's release from custody. (Order at 1, ECF No. 11.) The Court ordered that the Government was "[p]rohibited from re-detaining Petitioner absent a significant likelihood of removal in the reasonably foreseeable future." (*Id.* at 2.) Pursuant to the Court's Order, Petitioner was released from custody on March 20, 2026. (Letter from Gov't, ECF No. 12.)

On April 1, 2026, Petitioner filed the instant Motion to Enforce ("Motion"). (Mot. to Enforce.) On March 31, 2026, Petitioner appeared for a scheduled ICE check-in and was re-detained by ICE agents. (*Id.* at 2.) In his Motion, Petitioner submits that an ICE agent informed Petitioner that he was being removed to Democratic Republic of Congo ("DRC").[2] (*Id.*) Petitioner filed the instant Motion to Enforce, arguing that the Government violated the Court's March 20,

---

[2]Petitioner claims Respondents shifted between DRC, Equatorial Guinea, and Honduras as Petitioner's third country removal destination. (Mot. to Enforce at 2; Pet.'s Reply at 2–3.) However, Respondents submit that Petitioner is being removed to DRC. (*See* Gov't Opp'n.)

2026 Order because it failed to show a significant likelihood of removal in the foreseeable future. (*See generally id.*) Petitioner submitted that he had not been provided with "written proof" of: (1) a specific accepting country; (2) a formally issued travel document; and (3) a scheduled removal itinerary. (*Id.* at 8.)

On April 1, 2026, the Court ordered the Government to respond to Petitioner's Motion. (Mem. Order, ECF No. 15.) Specifically, the Court ordered the Government to address the likelihood of Petitioner's removal from the United States in the foreseeable future and to include any travel documents and an affidavit from someone with knowledge of the plan to imminently remove Petitioner. (*Id.* at 2.)

On April 6, 2026, the Government filed an opposition to the Motion. (Gov't Opp'n.) Petitioner replied on April 7, 2026. (Pet. Reply.)

As explained in the Court's prior Opinion, § 1231(a)(1)(A) states that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). Once the 90-day removal period of § 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the alien must be released. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Thus, in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court found that a post-removal order detention period of six-months was "presumptively reasonable"; however, beyond those six months, if removal no longer is reasonably

foreseeable, continued detention becomes unauthorized. *Id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner now argues the Government violated that Order because it cannot show Petitioner's removal is likely in the reasonably foreseeable future. (*See generally* Mot. to Enforce.) The Government counters that Petitioner's removal is likely in the reasonably foreseeable future. (*See generally* Gov't Opp'n.)

The question before the Court is whether the Government violated the Court's March 20, 2026 Order prohibiting Petitioner's re-detention absent a significant likelihood of his removal. As the Government has now met its burden of rebutting Petitioner's showing that there is no significant likelihood of removal, the Court concludes the Government has not violated the Court's prior Order.

The Government submits that on March 31, 2026, Petitioner was re-detained and provided a Notice of Revocation of Release, indicating that the DRC was reviewing Petitioner's case for the issuance of a travel document. (Gov't Opp'n at 2; ECF No. 16-1.) The Government provided the Court with a declaration from Deportation Officer Joshua Rincon ("Rincon"), with the Department of Homeland Security ("DHS"), ICE, Enforcement Removal Operations ("ERO"), Newark Field Office. (ECF No. 16-3.) Rincon declares that based on Petitioner's immigration records, and Rincon's personal knowledge, on March 25, 2025, ERO Headquarters notified ERO Newark that Petitioner was processed for third country removal to DRC. (*Id.* at ¶¶ 3–4.) Rincon declares that a Third Country Removal agreement was signed by the Department of State and DRC on December 24, 2025. (*Id.* ¶ 4) Based on that agreement, Petitioner's name was elevated. (*Id.*) Petitioner was

4

placed on a manifest approved by DRC. (*Id.*) Rincon declares that this manifest "constitutes the travel document." (*Id.*) Rincon also declares that "the DRC provided diplomatic assurances that aliens removed from the United States pursuant to the Third County Removal agreement will not be subjected to persecution or torture as part of this agreement. On January 12, 2026, the Department of State determined that these diplomatic assurances were credible." (*Id.* ¶ 5.) Additionally, ERO scheduled Petitioner for a removal flight on April 15, 2026. (*Id.* ¶ 6.) In anticipation of that removal flight, Petitioner was scheduled to be transferred from Delaney Hall Detention Facility to a staging facility on April 5, 2025. (*Id.*) However, the Court's April 1, 2026 Order staying Petitioner's transfer pending the resolution of this matter prevented that transfer. (*Id.*)

Once re-detained, Petitioner filed a Motion to Reopen his immigration proceedings to seek withholding of removal as to DRC. (*See* ECF No. 13-1; *see also* ECF No. 16-2.) Petitioner requested a stay of removal, pending adjudication of his Motion to Reopen. (ECF No. 16-2 at 11.) According to the record before the Court, the immigration court has not issued any decision on Petitioner's request for a stay or Motion to Reopen. (*See* ECF No. 16 at 2.) Petitioner is still subject to a final order of removal. *See Deshati v. Noem*, No. 25-15940, 2025 WL 3204227, at *3 (D.N.J. Nov. 17, 2025) ("A noncitizen 'who has filed a motion to reopen immigration proceedings for consideration of relief from removal shall remain subject [to detention under 8 U.S.C. § 1231] unless the motion to reopen has been granted.'" (quoting 8 C.F.R. § 241.4(b)(1))). Additionally, Petitioner's pending Motion to Reopen and for withholding of removal do not prevent Petitioner's removal. 8 C.F.R. § 1003.23(b)(4)(i) ("The filing of a motion to reopen under this section shall not automatically stay the removal of the alien. However, the alien may request a stay and, if granted by the immigration judge, the alien shall not be removed pending disposition of the motion by the

5

immigration judge."); 8 C.F.R. § 1003.2(f) ("[T]he filing of a motion to reopen . . . shall not stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the immigration judge, or an authorized DHS officer.")

Based on the above, the Government has met its burden to establish that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. As such, Petitioner's Motion to Enforce the Court's March 20, 2026, Order is denied.[3]

Accordingly,

**IT IS**, on this 5th day of May 2026,

**ORDERED** the Petitioner's Motion to Enforce (ECF No. 13) is **DENIED**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**

---

[3] Although Petitioner argues in his reply brief that he has serious medical conditions and ongoing workers' compensation and T-visa applications, which should affect his removal to DRC (ECF No. 18 at 6-8), that question would be for the immigration court. The only issue before the Court in Petitioner's motion, is whether the Government violated this Court's March 20, 2026 Order, which as the Court has determined, the Government did not.